JAMES OSENTON *v.* JOHN NICHOLS.

[Abstract Kentucky Law Reporter, Vol. 7—164.]

**Only Parties to an Action Bound by the Judgment Therein.**

Where one claiming an interest in land is named in a suit as defendant concerning it, and thereafter the action is dismissed as to the part of such land wherein he asserts an interest, and thereafter judgment is entered as to other lands, and by mistake his rights are affected, he is not bound by the entry made after the action is dismissed as to him, and one buying his interest after such dismissal is not a lis pendens purchaser.

APPEAL FROM GREENUP CIRCUIT COURT.

May 30, 1885.

OPINION BY JUDGE LEWIS:

Appellee brought this action to recover forty-five acres of land, part of a tract of —— acres, conveyed to him by Isaac R. Trimble, March 11, 1867.

Appellant claims under a deed made to him January 10, 1863, by Henry Hardwick, for a tract including the land in dispute, to whom the same was conveyed by David Trimble in 1839; and also in virtue of an adverse possession of himself and vendors for more than fifteen years.

From a partial record of a suit of *Seaton v. Trimble,* offered in evidence by appellee, it appears that in 1853, Hannah M. Seaton filed a bill of revivor, made an amendment to a bill in chancery, filed by her husband and testator, Samuel Seaton, in 1841, the object of which was to recover from those illegally claiming and in possession of parts of a tract of 3,000 acres of land, called the Logwood tract, and to partition it amongst the heirs at law of John W. Howe or Horn, of whom Samuel Seaton was one.

To that bill of revivor, Henry Hardwick, who was in possession and claiming under his deed from David Trimble, a part of what was called the Grayson 1,200 acres, taken off the 3,000, was made

a party. But by the decree rendered November, 1862, it was ad-
judged, amongst other things, that, "complainants, Seaton's heirs,
and defendant Trimble, dismiss so much of the suit as sets up
claim to so much of the 3,000 acres set off to Thomas Logwood, as
is embraced in the tract called the Grayson 1,200 acres, and now
owned and possessed by H. Hardwick, Evans Davis and others or
their vendees, and as to so much embraced on the east side of Sandy,
no account shall be taken in this division."

The court by the decree then proceeded to appoint commissioners
to make division of the residue of the 3,000 acres subject to divi-
sion, from whose report, filed in court October, 1863, and confirmed
May, 1864, it appears 354 acres was allotted to Isaac R. Trimble,
under whom appellee claims, and a commissioner's deed was there-
fore made to him May, 1864. The commissioners in making the
division, appellant contends, ran one of the lines inside of the Gray-
son 1,200-acre tract, and as a consequence the land in dispute is
covered by the commissioner's deed to Isaac R. Trimble, and is
also in the boundary of the 303-acre tract of the 1,200 acres con-
veyed by David Trimble to Henry Hardwick in 1839, and by him
to appellant in January, 1863.

Upon the trial of this action the court gave, at the instance of the
appellee, the following instruction:

"If the jury believe from the evidence that the deed from Isaac
R. Trimble and wife to J. H. Nicholls, dated March 11, 1867, read
in evidence, covers the land in contest, and that Henry Hardwick,
the vendor of defendant Osenton, was the Henry Hardwick made
party to the bill of revivor of Hannah E. Seaton, executrix, against
David Trimble's heirs and others, then the jury will find for plain-
tiff the land in contest, unless they believe from the evidence that
the defendant has had the continued actual adverse possession of
the land in contest, claiming it as his own to a well defined or
marked boundary for fifteen years since the 10th day of May, 1864,
and before the 6th of February, 1882, when this suit was com-
menced."

This instruction must have been given upon the idea that because
Hardwick was made a party defendant to the suit of *Seaton v.
Trimble,* that he was bound by the action of the commissioners
appointed to divide so much of the Logwood tract of 3,000 acres
as was subject to division, and by the order of court confirming
their report of division and directing deed made to Isaac R. Trim-

ble for the 354 acres set apart to him; and that appellant to whom Hardwick conveyed after the judgment was rendered, but before the partition was made, was a lis pendens purchaser.

In this the court was clearly in error, and the instruction was manifestly improper.

There was no contest in. the suit of *Seaton v. Trimble* as to the boundary of the Grayson 1,200 acres taken off the Logwood tract of 3,000 acres. Nor does the evidence in this case leave much room for doubt as to the location of the true division line between the two tracts. But the issue, and only issue in that suit, was as to the right of Hardwick and others claiming under David Trimble to the 1,200 acres as against those claiming under Howe or Horn.

The only issue made with Hardwick in that suit was by the decree rendered November, 1862, settled and determined in his favor by dismissal of so much of it as set up claim by the other parties thereto, to any part of the Grayson 1,200 acres, or sought to partition it among them. And thereafter Hardwick was not in fact, or in legal contemplation a party to the suit, not interested in the subsequent proceedings, nor bound nor prejudiced by the division by the commissioners or the action of the court in respect thereto. Nor was appellant to whom Hardwick conveyed in January, 1863, subsequent to the judgment dismissing the suit as to him, but before the division of the residue of the 3,000 acres was made, in any sense a lis pendens purchaser. By virtue of the conveyance he acquired title to all of the land purchased by him inside the true boundary of the 1,200-acre tract, as fixed before the judgment was rendered, unaffected by any proceeding had in the suit of *Seaton v. Trimble* subsequent to November, 1862, when it was dismissed absolutely as to his vendor Hardwick.

As this record is now presented, the only issue is whether or not the land in dispute is inside the boundary of the Grayson 1,200-acre tract, as it existed before the commissioners divided the residue of the 3,000 acres, not as they run and established it. And the burden of proof is upon the appellee, who is the plaintiff below, to show not only that it is covered by the commissioner's deed to Isaac R. Trimble, and the deed of the latter to him, but that it is not inside of the original boundary of the 1,200-acre survey.

It follows, therefore, that it was error in the court to give any instruction predicating appellant's right of recovery, upon the com-

missioner's deed to Trimble without regard to the original boundary of the 1,200 acres.

It is not necessary to now determine whether the conveyance by the commissioners to Trimble and by him to appellant, was champertous. For the location of the original division line between the 1,200 acres and the residue of the 3,000 acres as this record stands, is decisive of the controversy.

Judgment *reversed,* and cause remanded for proceedings consistent with this opinion.

Judgment *reversed.*

*Wilhoit & Dulin, for appellant.*

*W. H. Wadsworth, for appellee.*